The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

STUART et al. v. STRAWN INDEPENDENT SCHOOL DIST.

Motion No. 9642; No. 1417—5618.

Commission of Appeals of Texas, Section A.
June 10, 1931.

For original opinion, see 36 S.W.(2d) 480, which affirmed judgment of the Court of Civil Appeals, 21 S.W.(2d) 713.

CRITZ, J.

This case is before us on motion to retax costs filed by Stuart et al.

The suit was originally filed in the district court of Palo Pinto county, Tex., by Strawn Independent School District against Stuart et al. to recover certain delinquent taxes alleged

to be due by them to the district. Trial in the district court resulted in a judgment for Stuart et al. This judgment was reversed by the Court of Civil Appeals at Eastland, and the cause remanded to the district court for a new trial. The opinion of the Court of Civil Appeals shows that that court adjudged the costs equally between the appellant and the appellees. Strawn Independent School District v. Stuart et al., 21 S.W.(2d) 715. It seems that the judgment formally entered in the minutes of the Court of Civil Appeals did not conform to the judgment actually awarded by that court as shown by its opinion, in that the judgment as entered in the minutes adjudged all costs against the appellees, Stuart et al. they being the losing parties.

Writ of error was applied for by Stuart et al. and granted by the Supreme Court. The judgment of the Court of Civil Appeals as formally entered in the minutes was certified to the Supreme Court. It will thus be seen that according to the records certified the opinion showed that the costs were divided, while the formal judgment as entered contradicted the opinion and did not divide the costs, but adjudged them as above shown.

In the above state of the record, the Supreme Court affirmed the judgment of the Court of Civil Appeals, and adjudged all costs of appeal in both appellate courts against the Stuarts, who were the losing parties to both appeals.

After the rendition of the judgment in the Supreme Court, and after the motion of Stuart et al. for rehearing was overruled, the Court of Civil Appeals on May 12, 1931, undertook to correct its record, and entered an order correcting its original judgment so as to award the costs in conformity with its opinion. It was ordered that the judgment should be corrected as of date of the original judgment, September 27, 1929.

After the above proceedings in the Court of Civil Appeals, Stuart et al. filed a motion in this court to retax the costs, and have attached to such motion certified copies of the above proceedings in the Court of Civil Appeals.

In our opinion Stuart et al. should pay the costs of appeal in both courts as originally adjudged by this court. They are the losing parties in both appellate courts, and we find nothing in the record that will justify us in relieving them of costs.

Being of the opinion that Stuart et al. should pay the costs of appeal in both appellate courts we do not consider it necessary to pass on the right of the Court of Civil Appeals to make the correction in the judgment as hereinabove shown at the time it was made. Whatever judgment they did enter, with reference to costs, has been superseded

by the judgment of this court. The judgment of this court adjudges costs for both appeals against Stuart et al., and that judgment must obtain regardless of the judgment entered by the Court of Civil Appeals.